

1  BRODSKY MICKLOW BULL & WEISS LLP
   Edward M. Bull III, SBN 141996
2  Kurt Micklow, SBN 113974
   384 Embarcadero West, Suite 200
3  Oakland California 94607
   Telephone: (510) 268-6180
4  Facsimile: (510) 268-6181

5  Attorneys for Plaintiffs
   CREWMEMBERS

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 RAJARAM SURESH, DON UPUL RANJITH      )   CV12-8266 -RGK
   WIJETUNGA, CHANDRASEKAR BABU          )   (JCGx)
12 RAJENDRAN                             )   IN ADMIRALTY
                                         )
13         Plaintiffs,                   )
                                         )   COMPLAINT *IN REM* AND *IN*
14 vs.                                   )   *PERSONAM* FOR SEAMEN'S
                                         )   WAGES, STATUTORY
15 SEACHANGE MARITIME (SINGAPORE)        )   WAGES, DEFAMATION,
   PTE, PLANTATION KEY PTE LTD,          )   INTENTIONAL INFLICTION
16 BALAKUMAR THANGAVELU, an individual,  )   OF EMOTIONAL DISTRESS,
   and DOES 1-10, *in personam*, and M/V POS )   ATTORNEY'S FEES AND
17 LONG BEACH (Ex TASANEE) - IMO         )   COSTS AND OTHER
   9235581, and her engines, tackle, apparel, etc., *in* )   DAMAGES
18 *rem*,                                )
                                         )
19         Defendants.                   )
                                         )
20 _____ )

21

22         Plaintiffs RAJARAM **SURESH** (hereafter SURESH), DON UPUL RANJITH

23 **WIJETUNGA** (hereafter WIJETUNGA), and CHANDRASEKAR BABU

24 **RAJENDRAN** (hereafter RAJENDRAN), and(hereinafter collectively referred to as the

   "CREWMEMBERS"), *in rem* and *in personam*, allege as follows:
25
                                  **I.**
26
                            **JURISDICTION**
27
         1.    This is an admiralty and maritime claim within the meaning of the
28

COMPLAINT *IN REM* AND *IN PERSONAM*,                    CASE NO.
FOR SEAMEN'S WAGES
                                  -1-

1 Supplemental Rules for Certain Admiralty and Maritime Claims and is within the

2 jurisdiction of this Court pursuant to the General Maritime Law, 28 United States Code

3 ("U.S.C.") sections 1333 , and 46 U.S.C. sections 10313(i) et. seq.

4     2.    The relief requested is available pursuant to the Federal Rules of Civil

5 Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

6 Actions, Rules B & C.

7     3.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

8 **II.**

9 **INTRODUCTION AND PARTIES**

10     4.    Defendant M/V POS LONG BEACH (ex TASANEE), IMO No. 9235581

11 (hereinafter "POS LONG BEACH" or the "Vessel"), is a cargo ship registered in and

12 flying the flag of Singapore. At all times mentioned herein POS LONG BEACH and

13 Does 1 through 10 regularly did business in California, calling regularly at the Port of

14 Long Beach, California.

15     5.    Defendant SEACHANGE MARITIME (SINGAPORE) PTE, LTD

16 (hereafter "SEACHANGE") is a foreign company incorporated under the laws of

17 Singapore and is the owner, operator and manager of POS LONG BEACH and whose

18 principal address is Suntec Tower 1, Suite #21-03, 7 Temasek Boulevard, Singapore

19 038987 (Singapore Office), and with offices in the United States located in Miami,

20 Florida which address is 601 Brickett Key Drive, Suite 501, Miami, Florida 33131. The

21 CREWMEMBERS are informed and believe, and based thereon allege, that

22 SEACHANGE is CREWMEMBERS' employer. SEACHANGE and Does 1 through 10

23 at all times mentioned herein along with others owned, operated and managed POS

24 LONG BEACH and employed its crew, including CREWMEMBERS. At all times

25 mentioned herein SEACHANGE and Does 1 through 10 regularly did business in

26 California, including failing to pay wages due as alleged herein, which statutory violation

27 occurred in a port of the United States, namely the Port of Long Beach, located in this

28 District.

COMPLAINT *IN REM* AND *IN PERSONAM*,
FOR SEAMEN'S WAGES             CASE NO.

-2-

1    6.    Defendant PLANTATION KEY PTE, LTD (hereafter "PLANTATION

2    KEY") is a foreign company incorporated under the laws of Singapore and is an owner

3    operator and manager of POS LONG BEACH and whose principal address is 3 Phillip

4    Street, #18-00 Commerce Point, Downtown, Singapore, 48693. PLANTATION KEY

5    and Does 1 through 10 at all times mentioned herein along with others owned, operated

6    and managed POS LONG BEACH and employed its crew, including CREWMEMBERS.

7    At all times mentioned herein PLANTATION KEY and Does 1 through 10 regularly did

8    business in California, including failing to pay wages due as alleged herein, which

9    statutory violation occurred in a port of the United States, namely the Port of Long Beach,

10   located in this District.

11   7.    Defendant BALAKUMAR THANGAVELU (hereafter "Captain

12   Thangavelu), an individual, was the Master and Captain in command and in charge of the

13   Vessel and was responsible for the payment of the crew of the Vessel POS LONG

14   BEACH.

15   8.    The true nature and capacity of the Defendants sued herein and named

16   herein as Does 1 through 10, inclusive, are unknown to the CREWMEMBERS, who

17   therefore sue such Defendants by such fictitious names. The CREWMEMBERS will

18   seek leave to amend this Complaint to state their true names and with further appropriate

19   charging allegations.

20   9.    Plaintiffs are informed and believe, and based thereon allege, that each of

21   the Defendants named as Does 1 through 10 are responsible in some manner for the

22   occurrences herein alleged, in that Plaintiffs' damages were legally caused by Defendants

23   and each of their breaches, wrongful acts or admissions. Plaintiffs are informed and

24   believe, and based on that information and belief allege, that each of the Defendants

25   designated as a DOE is legally responsible for the events and happenings referred to in

26   this complaint, and unlawfully caused the injuries and damages to Plaintiffs alleged in

27   this complaint.

28   10.    The Plaintiffs are informed and believe, and based thereon allege, that at all

COMPLAINT *IN REM* AND *IN PERSONAM*,
FOR SEAMEN'S WAGES

CASE NO.

1 | times relevant, each of the Defendants were acting as agents, alter egos, employees and
2 | joint venturers for the other Defendants, and, in doing the things alleged herein, were
3 | acting within the course and scope of its authority and consent of the other Defendants.

4 |  11.  The CREWMEMBERS were seamen employed by Defendants aboard POS
5 | LONG BEACH.

6 |  12.  Plaintiffs SURESH and RAJENDRAN are citizens of, and reside in, India
7 | and are entitled under the provisions of 28 U.S.C. section 1916, to bring this action
8 | without prepayment of fees or costs.

9 |  13.  Plaintiff WIJETUNGA is a citizen of, and resides in, Sri Lanka, and is
10 | entitled under the provisions of 28 U.S.C. section 1916, to bring this action without
11 | prepayment of fees or costs.

12 |  14.  Plaintiffs were seamen who were not paid wages on their discharge in a
13 | U.S. port and thus are entitled to bring this action in this United States District Court
14 | pursuant to 46 U.S.C. 10313(i).

15 |  15.  All CREWMEMBERS have written contracts with the Defendant "Owners"
16 | of POS LONG BEACH.  The period of CREWMEMBERS' employment was for "6 + 7 -
17 | 1 months, as from 23 day of July 2010."

18 |  16.  Plaintiffs were very hard working seamen who enjoyed good reputations,
19 | both generally and as seafarers.

20 |  17.  From mid August 2010 to October 2010 CREWMEMBERS were subject to
21 | personal insults, disrespect, attacks, threats of violence, intimidation, humiliation, threats
22 | of an intent to inflict harm, and harassment from the Vessel's Master and Captain
23 | Balakumar Thangavelu (hereafter "Captain Thangavelu") creating a hostile and fearful
24 | environment to the point that CREWMEMBERS feared for their lives, the safety of the
25 | Vessel, its crew and cargo, third-party lives and property, and the marine environment
26 | resulting from the misconduct, drunkenness and abusive behavior of Able Bodied Seaman
27 | Anthony Sammy Gomez ("hereafter AB Gomez").

28 |  18.  On more than several occasions, AB Gomez reported to his watch post

intoxicated, smelling of alcohol, hardly unable to walk and exhibiting behavior which clearly showed that his mental and physical faculties were impaired due to alcohol and unable to carry out his duties.

19.     On many occasions Captain Thangavelu witnessed AB Gomez' behavior and intoxicated state and did nothing.

20.     When CREWMEMBERS refused to relinquish their watch posts to AB Gomez they were insulted, ridiculed, harassed and threaten by Captain Thangavelu and AB Gomez.

21.     Captain Thangavelu condoned AB Gomez' misconduct, drunkenness and abusive behavior and never took any corrective action against AB Gomez ignoring safety violations and instead jeopardizing the safety and well being of the Vessel, its crew, and cargo, third-party lives and property, and the marine environment. Captain Thangavelu at times, ordered certain crewmembers to falsify documents (requiring reports to state that AB Gomez was sick when he was in fact intoxicated) to protect AB Gomez.

22.     From mid August 2010 to October 2010 CREWMEMBERS were subject to personal insults, disrespect, attacks, threats of violence, intimidation, humiliation, threats of an intent to inflict harm, insults and harassment from Captain Thangavelu resulting from a division between the crew created by Captain Thangavelu ordering crew to spy on each other and promoting crewmen who participated in his unlawful conduct.

23.     The shipowner and operator did not provide a seaworthy vessel by maintaining an unsafe and hostile environment of ethnic strife and divisions between its crewmembers created by its own person in command, Captain Thangavelu.

24.     CREWMEMBERS attempted to resolve these issues with Captain Thangavelu and shipboard management to no end. Instead, Captain Thangavelu forced CREWMEMBERS to terminate their contracts claiming that CREWMEMBERS refused to work. At no time did the CREWMEMBERS unilaterally terminate their contracts nor did they ever refuse to work.

25.     Fearing for their lives, upon the Vessel's arrival at the Port of Long Beach

California, on October 26, 2010, CREWMEMBERS sought the assistance and intercession of the U.S. COAST GUARD, the International Transport Workers' Federation (hereafter "ITF") and the Center for Seafarer's Rights, The Seaman's Church Institute (hereafter Center for Seafarer's Rights).

26. On October 28, 2010, CREWMEMBERS requested to get off the Vessel as they "feel unsafe onboard" the Vessel. At no time were CREWMEMBERS told that they had breached their contract or that they had in any way committed any misconduct. No adverse remarks were entered in their seaman's books or ship's log. They were given a Letter of Indemnity, stamped and signed on behalf of the owner and managers of POS LONG BEACH confirming that "... no disciplinary or legal proceedings will be instigated by the owner(s) or by any agent(s) acting on behalf of the owner(s)."

27. On October 31, 2010, CREWMEMBERS signed off the Vessel. They were promised their earned wages. However, when they were presented with SEACHANGE's Closing of Account of Wages each were being deducted an amount due to "conduct issue." None received their wages, but were told the wages would be paid by their crewing agencies, in this case CEYLINE SHIPPING LTD (hereafter "CEYLINE") and NAUTILUS SHIPPING INDIA PVT LTD. (hereafter "NAUTILUS").

28. CEYLINE did not pay CREWMEMBERS their wages until February 2011 when partial payments were made.

29. NAUTILUS has never paid CREWMEMBERS their wages.

30. In direct violation of the controlling law and the letters of indemnity, Defendants, and each of them, not only failed to pay the CREWMEMBERS on discharge at the Port of Long Beach, but took actions to retaliate against CREWMEMBERS for their exercise of their lawful rights.

31. On March 15, 2011 CREWMEMBERS were informed by the Ministry of Ports & Highways (Director General's Office of Merchant Shipping) that "[F]urther to the disciplinary inquiry held on November 25, 2010" they were suspended for the period of one (1) year (effective from November 25, 2010) through November 25, 2011.

1     32.   CREWMEMBERS herein were unjustly punished and have suffered

2 irreparable harm to their persons and their careers.  CREWMEMBERS, while aboard

3 POS LONG BEACH, cooperated and worked diligently to ensure the continued safety of

4 the Vessel and its crew.  It was only when they feared danger to their person that they

5 sought help to leave the ship.

6     33.   At all relevant times, each Defendant conspired with each other to engage

7 in the acts as alleged in this complaint.

8     34.   At all relevant times, each Defendant knew all facts alleged in this

9 complaint to have been done by any other Defendant.

10                                   **III.**

11                        **FIRST CLAIM FOR RELIEF**
                         **Unpaid Ordinary Wage Claim**
12

13    35.   CREWMEMBERS refer to and by that reference incorporate as though

fully set forth herein each and every allegation contained in paragraphs 1 through 34
14
above.
15
      36.   CREWMEMBERS were seamen employed aboard POS LONG BEACH by
16
SEACHANGE.  Each CREWMEMBER signed an Employment Agreement covering the
17
length of their Contract Period.
18
      37.   As wages for their services aboard the POS LONG BEACH,
19
CREWMEMBERS were promised wages by Defendants as detailed in their respective
20
Employment Contracts which included, but is not limited to, their Basic Wages, Lump
21
Sum Payment for Overtime and Allowance, Overtime, Leave Pay, Container Allowance,
22
Health Contributions, Seniority and Other Earnings.
23
      38.   As additional compensation or wages for service aboard POS LONG
24
BEACH, CREWMEMBERS are owed past wages, identified as Earning "BALANCE
25
B/F FROM LAST MONTH" outlined in SEACHANGE's Closing Account of Wages.
26
      39.   As additional compensation or wages for service aboard POS LONG
27
BEACH, CREWMEMBERS are entitled to all wages to the end of their contract.
28

**IV.**

<u>**SECOND CLAIM FOR RELIEF**</u>
**Statutory Wages for Violation of 46 U.S.C. § 10313**

40.     CREWMEMBERS re-state and re-allege the allegations of paragraphs 1 through 39 by reference as though fully set forth herein.

41.     By reason of Defendants' violations of the law, including without limitation, Defendants' failure to pay CREWMEMBERS' their earned wages, Defendants must pay each Plaintiff the Double Wage for Delay in Payment of Wages penalties pursuant to 46 U.S.C. § 10313 in amounts to be proven at the time of trial.  The penalty wage statute applies to these claims as they arose in a port of the United States and because the Defendants are subject to jurisdiction in this Court.

**V.**

<u>**THIRD CLAIM FOR RELIEF**</u>
**Defamation**

42.     CREWMEMBERS re-state and re-allege the allegations of paragraphs 1 through 41 by reference as though fully set forth herein.

43.     Defendants published one or more oral and written false statements which were intended to harm Plaintiffs' employment and put into question their honesty, integrity, virtue and reputation and were injurious in their trade and profession.

44.     The defamatory statements included, but are not limited to, the following:

      a.     That they refused to perform without disclosing a reason;

      b.     That they demanded to leave the vessel without reason;

      c.     That due to their refusal to work the cargo work was stopped;

      d.     That they ignored orders to return to work;

      e.     That disciplinary action be taken against each Plaintiff;

45.     The statements made by Defendants were made with the full knowledge that the information was false.  These statements were made with the intent to harm Plaintiffs and were made with reckless disregard for the truth.

46.     The statements made by Defendants subjected Plaintiffs to ridicule and

1  caused them to be shunned, and when the publications were made, Defendants knew they

2  would cause injury to Plaintiffs' occupations and future job opportunities as seafarers.

3      47.    Defendants SEACHANGE and PLANTATION KEY failed to conduct an

4  investigation into the reasons why CREWMEMBERS had sought the protection of the

5  U.S. COAST GUARD, ITF and the Center for Seafarer's Rights claiming a threat to

6  their lives as well as their careers under the command of Defendant Captain Thangavelu.

7      48.    Defendants SEACHANGE and PLANTATION KEY had actual knowledge

8  of the defamatory statements made by their Captain Thangavelu and failed to conduct an

9  investigation into the reasons why CREWMEMBERS had sought the protection of the

10  U.S. COAST GUARD, ITF and the Center for Seafarer's Rights claiming a threat to their

11  lives as well as their careers under the command of Defendant Captain Thangavelu.

12      49.    Defendants SEACHANGE and PLANTATION KEY failed to conduct an

13  investigation relating to the unruly conduct of AB Gomez resulting from intoxication,

14  personal threats and ethnic slurs, insults and threats of personal harm to

15  CREWMEMBERS.

16      50.    Defendants SEACHANGE and PLANTATION KEY failed to conduct an

17  investigation relating to claims that Captain Thangavelu knew and condoned AB Gomez'

18  actions and behavior and failed to take disciplinary action, putting his crew's lives at risk.

19      51.    As a result of Defendants' extreme and outrageous conduct, Plaintiffs have

20  been and  will continue to suffer loss of income and other damages.

21                                    **VI.**

22                       **FOURTH CLAIM FOR RELIEF**
                        **Intentional Infliction of Emotional Distress**
23

24      52.    CREWMEMBERS restate and reallege the allegations of paragraphs 1

    through 51 by reference as though fully set forth herein.
25

26      53.    By reason of Defendants' actions, and each of them, they intentionally and

    deliberately inflicted emotional distress on CREWMEMBERS by defaming them to many
27
    people, including but not limited to the entire crew of POS LONG BEACH, to the Sri
28
    Lanka's Ministry of Port and Aviation, to ships' crew recruiting and manning agents, to

1   potential owners, operators and managers in the maritime industry.

2       54.   As a result of Defendants' extreme and outrageous conduct, Plaintiffs have

3   been and will continue to be emotionally distressed due to the defamation of them.

4       55.   As a result of Defendants' extreme and outrageous conduct,

5   CREWMEMBERS have suffered and will continue to suffer mental pain and anguish,

6   severe emotional trauma, embarrassment, and humiliation.

7                                   **VII.**

8                                  **PRAYER**

9       WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as

10  follows:

11  1.   That process and due form of law, according to the practices of this Honorable

12       Court in causes of admiralty and maritime jurisprudence, issue against POS LONG

13       BEACH and her engines, tackle, apparel, furniture, and appurtenances, etc., and

14       that all persons having or claiming any interest in said vessel be cited to appear and

15       answer, under oath, all and singular the matters;

16  2.   That Plaintiffs have judgment *in rem* for their maritime lien for unpaid wages and

17       all other relief with pre-judgment interest and costs; and that POS LONG BEACH

18       be arrested and sold to satisfy Plaintiffs' judgment;

19  3.   That Plaintiffs have judgment *in personam* for their general, special and other

20       allowable damages in amounts according to proof at trial;

21  4.   Plaintiffs demand judgment against Defendants for injunctive relief and actual,

22       special, and compensatory damages in an amount deemed at time of trial to be just,

23       fair, and appropriate.

24  5.   That the Court enter judgment in favor of Plaintiffs and against Defendants in such

25       amounts as may be proven are owed herein, together with pre-judgment interest

26       and costs;

27  6.   That the Court enter judgment decreeing that the liens of the Plaintiffs against POS

28       LONG BEACH proceeds are paramount and superior to any and all liens;

1    7.    That Plaintiffs receive their earned and unearned wages;

2    8.    That Plaintiffs receive penalty or statutory wages;

3    9.    For Punitive Damages;

4    10.    For Plaintiffs' costs of suit;

5    11.    For reasonable attorney's fees and costs;

6    12.    That Plaintiffs be awarded prejudgment interest on the amounts awarded for each

7        cause of action; and

8    13.    For other such relief this Court may deem just and proper.

9

10   DATED: September 20, 2012      BRODSKY MICKLOW BULL & WEISS LLP

11

12                      By: _____
                              Edward M. Bull III
                              Kurt Micklow

13

14                  Attorneys for Plaintiffs
                 CREWMEMBERS

15

16                           **VIII.**

17                 **DEMAND FOR JURY TRIAL**

18       Plaintiffs hereby demand a trial by jury.

19   DATED: September 20, 2012      BRODSKY MICKLOW BULL & WEISS LLP

20

21                      By: _____
                              Edward M. Bull III
                              Kurt Micklow

22

23                  Attorneys for Plaintiffs
                 CREWMEMBERS

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 8266 RGK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



Name & Address:
BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, SBN 141996
Kurt Micklow, SBN 113974
384 Embarcadero West, Suite 200
Oakland California 94607

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Rajaram Suresh, Don Upul Ranjith Wijetunga, Chandrasekar Babu Rajendran

PLAINTIFF(S)

v.

Seachange Maritime (Singapore) PTE, Plantation Key PTE LTD, Balakumar Thangavelu, an Individual, and Does 1-10,in personam, and M/V POS LONG BEACH (Ex TASANNE) - IMO 9235581 DEFENDANT(S).

and her engines, tackle, apparel, etc., in rem,

CASE NUMBER

**CV12-8266-RGK(JCGx)**

**SUMMONS**

TO:  DEFENDANT(S):  Seachange Maritime (Singapore) PTE; Plantation Key PTE LTD; Balakumar Thangavelu
M/V POS LONG BEACH

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Edward M. Bull III _____, whose address is 384 Embarcadero W., Ste. 200, Oakland CA 94607 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP 2 5 2012 _____

By: _____

**MARILYN DAVIS**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    **SUMMONS**



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RAJARAM SURESH, DON UPUL RANJITH WIJETUNGA,
CHANDRASEKAR BABU RAJENDRAN

**DEFENDANTS**
SEACHANGE MARITIME (SINGAPORE) PTE, PLANTATION KEY PTE
LTD, BALAKUMAR THANGAVELU, an individual, and DOES 1-10, in
personam, and M/V POS LONG BEACH (Ex TASANEE) - IMO 9235581,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, State Bar No. 141996, Kurt Micklow, State Bar No. 113974,
384 Embarcadero W., Ste. 200, Oakland CA 94607, Telephone (510) 268-6180

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ in excess of $100,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unpaid Ordinary Wage Claim; Statutory Wages for Violation of 46 U.S.C. 10313; Defamation; Intentional Infliction of Emotional Distress;

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☑ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-8266**

**FOR OFFICE USE ONLY:** Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Suresh -India <br> Rajendran-India <br> Wijetunga - Sri Lanka |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Seachange Maritime (Singapore) PTE, LTD - Singapore <br> M/V POS LONG BEACH  - Flag of Singapore <br> Plantation Key PTE, LTD - Singapore; Balakumar Thangavelu - India |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Long Beach  CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  9-20-12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

---